**Gizella WEISSHAUS, Plaintiff–
Counter–Defendant–
Appellant,**

v.

**Sol MERMELSTEIN, Defendant–
Counter–Claimant–Appellee,**

Jerome Becker, Joseph Mainiero, Jef-
fery Y. Buss, Hersh Ginsberg a/k/a
Zvi Meir Ginsburg, Defendants,

Edward Fagan, Agudas Harabbonin,
also known as Union of Orthodox
Rabbis of the United States and Cana-
da, Saul E. Feder, Robert Goldstein,
Norman Langer, Law Firm of Rego-
sin, Edwards, Stone & Feder, Warren
Glasser, James H. Shaw, Richard D.
Huttner, State of New York, the Bank
of New York, John Leventhal, Louis
Rosenthal, Defendants–Appellees.

No. 02–744–.

United States Court of Appeals,
Second Circuit.

April 22, 2004.

Gizella Weisshaus, Brooklyn, NY, for
Plaintiff–Appellant, pro se.

Carol Fischer, Assistant Solicitor Gener-
al, for Eliot Spitzer, Attorney General of
the State of New York (Dion J. Nossel,
Assistant Solicitor General), for Defen-
dants–Appellees Glassner, Shaw, Huttner,
Becker, and the State of New York, of
counsel.

Susan R. Nudelman, Law Offices of
Norman S. Langer, Brooklyn, NY, for De-
fendants–Appellees Goldstein and Langer.

Anne Patrice Richter, McManus, Collura
& Richter, P.C., New York, NY, for Defen-
dants–Appellees Leventhal and Rosenthal.

Richard Lerner, Wilson, Elser, Moskow-
itz, Edelman & Dicker LLP, New York,
N.Y. (Wendy B. Shepps, on the brief), for
Defendants–Appellees Feder and Law
Firm of Regosin, Edwards, Stone & Fed-
er.

PRESENT: LEVAL, CALABRESI,
Circuit Judges, and RAKOFF, District
Judge.*

## SUMMARY ORDER

In March 1999, plaintiff-appellant Gizella
Weisshaus filed suit in the United States
District Court for the Eastern District of
New York against eighteen defendants.
Her complaint asserted conspiracy and
racketeering in violation of 18 U.S.C.
§ 1962, various civil rights violations, un-
just enrichment, and state law tort claims
including intentional infliction of emotional
distress. Weisshaus's allegations arose
from (1) a series of proceedings in New
York state court and in a rabbinical court
arbitration concerning her shared owner-

---

* The Honorable Jed S. Rakoff, Southern Dis- trict of New York, sitting by designation.

ship of a three-story house at 207 Lee Avenue in Brooklyn, NY, and (2) the dissolution of a realty partnership at 808 Driggs Avenue. Plaintiff has been unsuccessfully pressing a bevy of legal claims related to the Lee Avenue property, in state and federal court, since as early as 1989. And her unavailing efforts to set aside or modify the Driggs Avenue dissolution in state court stretch back to 1995. Her current federal action, implicating the same issues, also fails.

Her claims concerning the 207 Lee Avenue property were appropriately dismissed on grounds of collateral estoppel. *See Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir.1998) (setting forth the prerequisites for collateral estoppel: (1) the issues in both proceedings must be identical; (2) the issue must have been actually litigated and actually decided in the prior proceeding; (3) there must have been "a full and fair opportunity to litigate the issue" in the prior proceeding; and (4) the resolution of the issue must have been "necessary to support a valid and final judgment on the merits") (internal quotation marks omitted). Weisshaus's civil RICO causes of action relating to the 808 Driggs Avenue property transaction also fail because she has not sufficiently alleged that the relevant defendants engaged in two or more acts constituting a pattern of racketeering activity. *See* 18 U.S.C. § 1961(5). And her remaining state law and civil rights claims, to the extent that they have been preserved on appeal, *see LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir.1995) (although we do not hold *pro se* litigants to formal briefing standards set forth in the Federal Rules of Appellate Procedure, we "need not manufacture claims of error" for them), are without merit. Finally, we deny Weisshaus's motions brought pursuant to Fed. R.App. P. 48(a).

We have considered all of appellant's arguments and find them to be meritless. Accordingly, we AFFIRM the judgment of the district court.